## AS TO CORRECTION OF VERDICTS.

Circuit Court of Hamilton County.

FREDERICK W. NIEBLING v. WALTER LAIDLAW ET AL.

Decided, November 27, 1909.

*Interest—Trial Court Without Authority to Add to Verdict—Where no
Allowance of has been Made by the Jury—Authority to Correct
Verdicts—Sections 5198, 5199 and 5203.*

1. Where a jury in returning a verdict fails to include interest as
   prayed for in the petition, it is error for the court in entering judg-
   ment to include interest upon the verdict.
2. Where no other error appears, a reviewing court will in such a
   case modify the judgment as entered by deducting the interest
   added thereto.

*Paxton, Warrington & Seasongood,* for plaintiff in error.
*Moulinier, Bettman & Hunt,* contra.

The plaintiff sued for a balance of $639.45, due for services
and expenses in connection with an arbitration. The jury re-
turned a verdict for the amount claimed, but failed to compute
interest thereon. In entering judgment on the verdict the court
below added interest.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

In view of our statutes relative to the correction of verdicts,
we are inclined to the opinion that it was error of the trial court
in rendering judgment for defendants in error to include in the
judgment interest upon the verdict when the same was not re-
turned by the jury in its verdict.

Section 5198 provides that if the verdict is defective in matter
of substance the jury must be sent out again for further delibera-
tion.

Section 5199 provides that if the verdict be defective in form only, it may, with assent of the jurors, before they are discharged, be corrected by the court.

Section 5203 provides that when, by the verdict, either party is entitled to recover money of the adverse party, the jury, in its verdict, must assess the amount of recovery.

While it is true the petition asks for interest from a certain date, yet under the last section it was the duty of the jury to assess the amount of recovery if it found that the defendants in error were entitled to recover money from the plaintiff in error.

Besides if there was a mistake in the amount assessed by the jury, and thereby the verdict was defective in matter of substance, then the jury should have been sent out again for further deliberation.

The verdict is not defective in form and on its face neither is it defective in substance, for the jury being the only one to assess the amount of recovery it might well find that the party should not be allowed interest.

In the case of *Fries* v. *Mack*, 37 O. S., 52, it is held that, "Where an issue of fact is submitted to a jury and by their verdict they find for the plaintiff or defendant such verdict is to be regarded as a finding upon the issue joined between the parties." In the case at bar the jury did so find assessing the amount due from plaintiff in error and it was the duty of the court in rendering judgment thereon to look alone to the verdict.

As it is stated in the case of *Claiborne* v. *Tanner*, 18 Tex., 68:

"There can be no clearer principle than that: 'Where a jury has intervened, and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment. The court can not look to the evidence on which the verdict is found, in order to determine what judgment to render, but must look alone to the verdict.'"

In view of the foregoing, therefore, the case having been fully heard and considered and the only error or mistake arising is in the entering of the judgment, the same is hereby modified to the extent of reducing said judgment to the amount found due in the verdict of the jury.